IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Tenisha Doby-Johnson, | ) | Case No. 2:13-cv-03253-RMG-JDA |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Plaintiff, | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| v. | ) | |
| | ) | |
| Ralph Nash, General Electric Company, | ) | |
| et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

    This matter is before the Court on a motion to dismiss filed by Defendant General Electric Company ("General Electric" or "Defendant"). [Doc. 10.] Plaintiff Tenisha Doby-Johnson ("Plaintiff") filed her action against Defendants in the Court of Common Pleas of the Ninth Judicial Circuit of South Carolina, alleging race discrimination. [Doc. 1-1.] Defendants removed the action to this Court on November 25, 2013. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.

## BACKGROUND

    Plaintiff filed her Complaint in state court on September 24, 2013. [Doc. 1-1 at 16.] Plaintiff was employed by Defendant Venture Aerobearings, LLC ("Venture") from January 2009 until her termination in August 2012, and alleges that Defendant General Electric Company is the primary owner and stakeholder of Venture. [*Id.* ¶¶ 2—3, 6.] Plaintiff claims she was "subjected to repeated racial discrimination," including Defendants promoting white employees over black employees, white employees using

1

racial slurs against Plaintiff, and Defendants granting certain privileges to white employees but not black employees. [*Id.* ¶ 7.] Plaintiff brings her claims for racial discrimination under both 42 U.S.C. § 1981 and South Carolina common law.

In her Complaint, Plaintiff requests that she be allowed to pierce the corporate veil of General Electric and hold it responsible for this discrimination because General Electric supervised the activities of Venture and transferred personnel between the two companies "as though Venture were an internal division of GE." [*Id.* ¶ 49.] Moreover, Plaintiff alleges that General Electric controls and dominates Venture because General Electric supervisors visited Venture and controlled the management there, General Electric changes and implements policy at Venture and General Electric audited Venture after the reports of racial discrimination. [*Id.* ¶ 49--50.]

## APPLICABLE LAW

**Motion to Dismiss Standard**

### *Rule 12(b)(6)*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for

purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference.  *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).  If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

If on a motion pursuant to Rule 12(b)(6), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. Fed. R. Civ. P. 12(d). Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment: the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

## DISCUSSION

Piercing the corporate veil is an equitable remedy that is not itself a separate cause of action, but allows liability to be imposed on a corporation, normally a separate legal entity, for an underlying cause of action against a corporation's shareholders, owners or subsidiaries.  *See Thomas v. Peacock*, 39 F.3d 493, 499 (4th Cir. 1994) (overruled on other grounds by *Peacock v. Thomas*, 516 U.S. 349 (1996)).  However, though not a substantive cause of action, "the doctrine of piercing the corporate veil is not a mere procedural rule relating to 'how' a judgment is to be enforced, but is, rather, a substantive rule of liability."  *Id.*

Here, the Parties agree that federal common law applies to determine whether Plaintiff has sufficiently pled her claim to pierce General Electric's corporate veil and impute liability to the company for Plaintiff's Title VII and § 1981 discrimination claims.[1] The Fourth Circuit has adopted the "liberal veil-piercing standard," which was articulated by the First Circuit in *Alman v. Danin*, 801 F.2d 1, 3—4 (1st Cir. 1986).  *Id.* at 503.  In *Alman*, the First Circuit held (and the Fourth Circuit later adopted in *Thomas*) that

> There is no litmus test in the federal courts governing when to disregard corporate form. The Supreme Court has, however, provided some guidance, stating that "the doctrine of corporate entity, recognized generally and for most purposes, will not be regarded when to do so would work fraud or injustice."  The Court has further indicated that corporate form may not defeat overriding federal legislative policies.[2]

---

[1] The Court notes, as do the Parties, that there is some disagreement between courts as to whether federal common law or the state of incorporation's law should apply in a veil piercing analysis.  *See Montague v. Dixie Nat. Life Ins. Co.*, Case No. 3:09-cv-687-JDA, 2010 WL 753342, at *2 (D.S.C. Feb. 26, 2010).  Here, Plaintiff's claims involve "a government program, a federal statute, assertion of government rights, or the exercise of a constitutional function by the federal government," leading the Court to find that federal common law lends the appropriate analysis.  *See id.*

[2] The Court disagrees with Defendant's argument that the Fourth Circuit adopted a more rigid two part test for piercing the corporate veil that requires (1) the shareholder dominates and controls the organization, and (2) imposing liability is needed to avoid injustice.  The *Thomas* court articulated this test in a parenthetical referencing a Tenth Circuit case, which was in turn interpreting *Alman*.  While these factors should certainly be considered, the Court reads *Thomas* as the Fourth Circuit adopting the

*Id.* (quoting *Alman*, 801 F.2d at 3—4 (internal citations omitted)).    Therefore, "a corporate entity may be disregarded in the interest of public convenience, fairness and equity." *Id.*

While the Court finds that piercing the corporate veil is not a rigid test with certain factors that must be met, in making the decision as to whether a corporate veil should be pierced, the Court must engage in an intensely factual inquiry as to corporate form, governance, domination, control and finances.   *See In re Cnt'y Green Ltd. P'ship*, 604 F.2d 289, 292 (4th Cir. 1979).    Therefore, the "decision to pierce the corporate veil depends largely on the resolution of questions of fact" and thus is inappropriate to determine on a motion to dismiss.  *See id.*  The Court finds such a factual analysis to be premature in the matter at hand because so many factual questions remain (an analysis with which Defendant appears to agree, having attached an affidavit to its motion to dismiss and asking the Court to consider it pursuant to Rule 12(d)).

In her Complaint, Plaintiff alleges that General Electric owned Venture, managed Venture's personnel, rotated General Electric employees in and out of Venture positions, made and implemented Venture's employment policy, and also that Venture was undercapitalized and would not be able to compensate Plaintiff.  [Doc. 1-1 ¶¶ 49—52.]  Such facts, if proven to be true, may be enough for the Court to determine that the

---

"liberal" and flexible test as set out above, allowing for a corporate entity to be disregarded in the interest of the public interest, fairness and equity.  *See Thomas*, 39 F.3d at 505.  The Court also notes that all of Defendant's citations to Fourth Circuit cases regarding the required test for piercing the corporate veil are pre-*Thomas*.  Moreover, the District of South Carolina case cited for supposedly applying certain required factors to pierce the corporate veil in fact considers whether a certain subsidiary had minimum contacts with the state such that personal jurisdiction was appropriate.  *See Harris v. Option One Mortg. Co.*, 261 F.R.D. 98, 110 (D.S.C. 2009).  Accordingly, the Court does not find Defendant's analysis persuasive.  However, even if the Court were to apply Defendant's two part test, the Court would still determine that Plaintiff sufficiently pled her corporate veil piercing allegations.  Plaintiff pled that General Electric controls and dominates Venture, and that Venture would be unable to pay Plaintiff's damages, resulting in an injustice. [Doc. 1-1 ¶¶ 49—52.]

equitable remedy of piercing the corporate veil is appropriate. Therefore, the motion to dismiss should be denied. As there does seem to be a factual dispute as to which General Electric entity should even be named as the proper party for potential veil piercing, the Court would be amenable to allowing discovery as to the appropriate General Electric entity and the veil piercing analysis and then having the Parties brief the matter for summary judgment. If the Parties so desire, they are to file a *joint* motion for limited discovery within seven days of the District Court ruling on this Report.

## CONCLUSION

Wherefore, based upon the foregoing, the undersigned recommends that Defendant's motion to dismiss [Doc. 9] be DENIED.

IT IS SO RECOMMENDED.


s/Jacquelyn D. Austin
United States Magistrate Judge


March 5, 2014
Greenville, South Carolina